1  **Thimesch Law Offices**
   TIMOTHY S. THIMESCH, Esq. (No. 148213)
2  GENE FARBER, Esq., Esq. (No. 44215) – Of Counsel
   158 Hilltop Crescent
3  Walnut Creek, CA 94576-3452
   Direct: (925) 588-0401
4  Facsimile: (888) 210-8868
   tim@thimeschlaw.com
5  genefarber@gmail.com

6  Attorneys for Plaintiff
   CRAIG YATES

7

8                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
9
                                    CV11          0873
10  CRAIG YATES,                    ) Case No.
                                    ) Civil Rights
11              Plaintiff,          )
                                    )
12  vs.                             ) **COMPLAINT FOR INJUNCTIVE &**
                                    ) **DECLARATORY RELIEF AND**
13  PERKO'S CAFÉ; SAFEWAY, INC.;    ) **DAMAGES:** DENIAL OF CIVIL
    GLEN WIENKI; TAMRA WIENKI; LEE  ) RIGHTS OF A DISABLED PERSON IN
14  ROY CAMPBELL; and DOES 1 through) VIOLATION OF THE AMERICANS
    50, Inclusive,                  ) WITH DISABILITIES ACT OF 1990,
15                                  ) AND CALIFORNIA'S DISABLED
                                    ) RIGHTS STATUTES
16              Defendants.         ) **DEMAND FOR JURY TRIAL**
                                    )
17                                  ) [Proper Intradistrict Assignment:
                                    ) Oakland/San Francisco]
18                                  )

19       Plaintiff CRAIG YATES, on behalf of himself and all other similarly situated disabled

20  persons, hereby complains of Defendants PERKO'S CAFÉ, which, on information and belief

21  is a partnership or other unincorporated association of business interests; SAFEWAY, INC., a

22  Delaware Company doing business in California; GLEN WIENKI, an individual doing

23  business as Perko's Cafe; TAMRA WIENKI, an individual doing business as Perko's Cafe;

24  LEE ROY CAMPBELL, an individual, who, on information and belief, is currently doing

25  business as Perko's Cafe; and DOES 1 through 50, Inclusive (hereafter "Defendants"), and

26  demands a trial by jury, and alleges as follows:

27  ////

28

---
**Complaint for Injunctive Relief and Damages**

**INTRODUCTION**

1.     This case involves the disabled accessibility of the PERKOS CAFE located at or about 829 – 11th Street in Lakeport, California.  Plaintiff CRAIG YATES is a person with physical disabilities, including incomplete quadriplegia, that require he use a wheelchair for mobility.  He also has grasping disabilities.  He frequently visits the Lakeport area to care for his elderly relative.  His goal in this suit is a positive one: to make the Café available to all persons alike regardless of their physical condition.

2.     The configuration of the Perko's Café, particularly its public restrooms, deny "full and equal" access required by Title III of the Americans With Disabilities Act of 1990, the California Disabled Rights Acts (sections 54 and 54.1 ff Civil Code), and Title 24 of the California Code of Regulations (now known as the California Building Code).  As a result, Plaintiff has been continuously denied access and/or deterred from visiting the Café during the two years preceding the filing of this complaint, suffered violation of his Civil Rights to full and equal access, suffered a denial of his right to due process, was embarrassed and humiliated, and suffered statutory and general damages.  Plaintiff seeks damages and injunctive relief requiring provision of access under the ADA at section 308; and injunctive relief for "full and equal access" and statutory damages under California law.

**JURISDICTION AND VENUE**

3.     This Court has jurisdiction of this action pursuant to 28 U.S.C. 1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, *et seq.*  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including but not limited to violations of California Health & Safety Code Sections 19955 *et seq.*, including Section 19959; Title 24 California Code of Regulations; and California Civil Code Sections 54 and 54.1 *et seq.*

4.     Venue is proper in this court pursuant to 28 U.S.C. 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

---

**Complaint for Injunctive Relief and Damages**                    — 2 —

5.    Intradistrict Jurisdiction.   Under Local Rules 3-2 (c) and (d), intradistrict assignment to the San Francisco District is appropriate because the real property that is the subject of this action is located in Lake County, California and Plaintiff's causes of action arose in Lake County.

6.    Plaintiff alleges continuous and ongoing discrimination.   While on his visits to the area, he has been denied full and equal access at the Café, and he has also been deterred from making a return.   Plaintiff's written complaints to the Defendants have been ignored. Plaintiff alleges that it would be a futile gesture to provide further notices of violations relating to Plaintiff's continuous visits and deterrence, which are certain to occur on regular basis following the filing of this complaint.   Therefore, Plaintiff reserves, and will seek to supplement his complaint at time of trial as to his subsequent events, according to proof.

## PARTIES

7.    At all times relevant to this complaint, Plaintiff qualified as a "person with a disability," as this term is used under California law and under federal laws including but not limited to Title III of the ADA.   Plaintiff requires the use of a wheelchair for traveling about in public places.

8.    At all times relevant herein, Defendants PERKO'S CAFÉ; SAFEWAY, INC.; GLEN WIENKI; TAMRA WIENKI; LEE ROY CAMPBELL; and DOES 1 through 50, Inclusive, were and/or are the current, future or prospective owners and operators, lessors and/or lessees of public facilities, and subject to the requirements of California State law requiring full and equal access to public facilities pursuant to Sections 4450 et seq. of the Government Code; 19955-19959 of the Health & Safety Code; Sections 54.1 and 54.3 Civil Code; and subject to Title III of the Americans With Disabilities Act of 1990; and to all other legal requirements referred to in this complaint.   Plaintiff does not know the relative responsibilities of Defendants in the ownership, control, and operation of the facilities herein complained of, and alleges a joint venture and common enterprise by all such Defendants.

9.    Plaintiff is informed and believes that each of the Defendants herein, including

Complaint for Injunctive Relief and Damages                                    — 3 —

1  PERKO'S CAFÉ; SAFEWAY, INC.; GLEN WIENKI; TAMRA WIENKI; LEE ROY

2  CAMPBELL; and DOES 1 through 50, Inclusive, is the owner, constructive owner, beneficial

3  owner, subsequent purchaser, trust, trustee, agent, ostensible agent, alter ego, master, servant,

4  employer, employee, representative, franchiser, franchisee, joint venturer, partner, associate,

5  parent company, subsidiary, board, commission, department, or other governmental agency,

6  representative, or such similar capacity, of each of the other Defendants, and was at all times

7  acting and performing, or failing to act or perform, within the course and scope of his, her or

8  its authority as a owner, constructive owner, beneficial owner, agent, subsequent purchaser,

9  trust, trustee, ostensible agent, alter ego, master, servant, employer, employee, representative,

10 franchiser, franchisee, joint venturer, partner, associate, parent company, subsidiary, board,

11 commission, department, or other governmental agency, representative, or such similar

12 capacity, and with the authorization, consent, permission or ratification of each of the other

13 Defendants, and is responsible in some manner for the acts and omissions of the other

14 Defendants in proximately causing the violations and damages complained of herein, and

15 have approved or ratified each of the acts or omissions of each other Defendant, as herein

16 described.  Plaintiff will seek leave to amend when the true names, capacities, connections,

17 and responsibilities of Defendants PERKO'S CAFÉ; SAFEWAY, INC.; GLEN WIENKI;

18 TAMRA WIENKI; LEE ROY CAMPBELL; and DOES 1 through 50, Inclusive, are

19 ascertained.

20

21                          **FACTUAL ALLEGATIONS**

22      10.     The subject Café and its facilities, including its parking, paths of travel,

23 entrance facilities, service and bar counters, dining areas and tables, public restrooms, and

24 other facilities, are each a "public accommodation or facility" subject to the requirements of

25 Government Code sections 4450 et seq., and of the California Civil Code sections 51, 54,

26 54.1, and 54.3.  On information and belief, each such facility has, since January 1, 1968,

27 undergone unfinished "new construction," and/or "alterations, structural repairs, and

28 additions," each of which has subjected the subject Café and its public facilities to state

**Complaint for Injunctive Relief and Damages**                    — 4 —

1    disabled access requirements per section 19959 Health & Safety Code, and since July 1, 1982,

2    per provisions of Title 24 of the California Code of Regulations.

3        11.    Plaintiff has visited the Café multiple times as a paying customer in the last

4    two years, and seeks deterrence for other occasions in which he desired to visit, including

5    incidents occurring after the filing of this Complaint to the time of final judgment.   He is

6    inhibited primarily by the public restrooms at the Café, which cannot be entered and used

7    safely, as the stall is too narrow and prevents safe access to the toilet, and other amenities are

8    likewise inaccessible, including the grab bars, seat cover dispenser, etc.  The other principal

9    barriers are fundamental to his use of the facility, which include, but are not limited to, the

10   following.

11        a.    There is no signage at the entrance to the lot denoting that persons

12   illegally parked in accessible spaces will be towed, which is a feature required by code.  This

13   barrier discriminates against Plaintiff's specific disabilities by failing to protect the

14   availability of the parking spaces that he needs to be able to park in the lot and exit the

15   vehicle.   Plaintiff demands that Defendants provide signage in compliance with CBC

16   requirements.

17        b.    The path of travel between boundary of the site and the primary

18   entrance to the Café has cross-slopes within it, which exceed the maximum 2% permitted by

19   code.  This barrier discriminates against Plaintiff's specific disabilities by increasing the

20   difficulty and hazard that the Plaintiff must endure to traverse this distance, which

21   additionally diminishes his physical and mechanical endurance.   Plaintiff demands that

22   reconfigure the path of travel so that no cross-slope exceeds 2% along this route.

23        c.    On information and belief, the path of travel between boundary of the

24   site and the primary entrance to the Café has slopes within the direction of travel that exceed

25   the 5% maximum permitted by the code when the elements of a ramp are not present.  This

26   barrier discriminates against Plaintiff's specific disabilities by subjecting the Plaintiff to

27   hazard and difficulty not permitted by the code, and additionally diminishes his physical and

28   mechanical endurance.  If verified, Plaintiff demands that Defendants reconfigure the path of

Complaint for Injunctive Relief and Damages                    — 5 —

1    travel so that no slope in the direction of travel along this route exceeds 5%, or that They

2    otherwise reconfigure such areas to meet the full requirements for a compliant ramp under the

3    CBC and ADAAG .

4            d.      The designated accessible parking spaces and their adjacent unloading

5    zone each have a slope within them that greatly exceeds the 2% maximum slope permitted

6    within a parking place.  These barriers discriminate against Plaintiff's specific disabilities by

7    increasing the hazard and difficulty of his performing a safe entrance and exit to his vehicle.

8    Plaintiff demands that reconfigure this parking spaces and their unloading zone so that no

9    slope exceeds 2% in any direction across the full width and length of the parking surface.

10           e.      The designated parking spaces are not trimmed in blue as required by

11   code.   This barrier discriminates against Plaintiff's specific disabilities by making it

12   impossible for law enforcement to enforce the prohibition against parking in this space by

13   people who are not eligible to use this amenity, because it fails to comply with the California

14   Vehicle Code.  Plaintiff demands that Defendants restripe this parking in the proper color in

15   conformance with the CBC.

16           f.      There is no "No Parking" sign provided in the unloading zone, which is

17   required by the code.  This barrier discriminates against Plaintiff's specific disabilities as

18   specified in the prior paragraph.  Plaintiff demands that Defendants properly mark the

19   unloading zone with the "No Parking" sign.

20           g.      There is no posted sign indicating that parking in an accessible space

21   carries a fine of $250 has been provided at the end of the spaces, which are required the code.

22   This barrier discriminates against Plaintiff's specific disabilities as specified in paragraph e,

23   supra.  Plaintiff demands that Defendants post this proper signage in conformance with CBC

24   requirements.

25           h.      No van accessible parking has been provided as required by the code.

26   This barrier discriminates against Plaintiff's specific disabilities because the space needed for

27   his lift equipped van is decreased below the minimum necessary for his mechanical apparatus

28   to deploy and allow him to enter and exit the vehicle safely and reliably off the end of the

**Complaint for Injunctive Relief and Damages**                     — 6 —

1    apparatus.  It also greatly increases the risk of his being blocked from entering or exiting his

2    vehicle by an adjacently parked vehicle, i.e., even when such vehicle parks properly within

3    the confines of its space.  Plaintiff demands that Defendants provide proper van accessible

4    parking adjacent to the Café in conformance with ADAAG/CBC requirements.

5            i.      On information and belief, the push pressure required to open the doors

6    serving the entrances, both at and within the Café, exceed the 5 lbs. maximum permitted by

7    code.  This barrier discriminates against Plaintiff's specific disabilities by making it more

8    difficult to impossible for the Plaintiff to go through the door without assistance.  Plaintiff

9    demands that Defendants adjust the amount of push pressure to no more than 5 lbs.

10           j.      The door hardware serving the main entrance requires grasping and

11   pinching to operate, which are actions prohibited by code.  This barrier discriminates against

12   Plaintiff's specific grasping disabilities by making it difficult to impossible for him perform

13   an action that he generally is physically unable to perform.  Plaintiff demands that Defendants

14   provide compliant door hardware at the main entrance in conformance with CBC/ADAAG

15   requirements.

16           k.      The strike edge clearance provided on the pull side of the interior

17   vestibule door serving the primary entrance has a length far below the 18 inch minimum

18   required by code.  This barrier discriminates against Plaintiff's specific disabilities by making

19   it impossible to position the wheelchair a location where the door can swing upon without

20   striking the chair, and makes it much more difficult, if not impossible, to go through the door

21   independently.  Plaintiff demands that Defendants reconfigure the vestibule, or the swing of

22   the door, to provide no less than 18 inches of strike side clearance on the side to which the

23   door swings.

24           l.      The usable portion of the lower counter at the cash register has a length

25   of approximately 15 inches instead of the 36 inch minimum required by the code.  This barrier

26   discriminates against Plaintiff's specific disabilities by not providing the usable counter

27   needed for the Plaintiff to conduct transaction required on this counter.  Plaintiff demands that

28   Defendants provide a lower section of the counter at the cash register that is in compliance

**Complaint for Injunctive Relief and Damages**                              — 7 —

1   with CBC/ADAAG requirements.

2          m.     The existing dining counter is set at least 40 inches above the finished

3   floor, and does not have any lower section, which is in violation of the code that requires at

4   least a 36 inch long lower section of the counter.  This barrier discriminates against Plaintiff's

5   specific disabilities by making it impossible to sit at the dining counter with or without a

6   companion, and mandates that the wheelchair user sit alone at a table.  Plaintiff demands that

7   Defendants provide a lower section at the dining counter that is in compliance with

8   CBC/ADAAG requirements.

9          n.     The usable tables in the Café dining areas have knee space under them

10  that project approximately 15 inches under the table, instead of the 19 inch minimum required

11  by the code, and are insufficient in number and equivalent location.   These barriers

12  discriminate against Plaintiff's specific disabilities by failing to provide a table that has

13  equivalent usability to those provided to able-bodied patrons who can position themselves

14  under the table in an appropriate manner.  Plaintiff demands that Defendants provide access to

15  at least 5% of the tables in each seating section of the dining room and patio area in

16  conformance with CBC/ADAAG requirements, ensuring that none of such designated

17  accessible tables has a pedestal, pedestal base or other obstruction located within the 19 inch

18  minimum dept required for knee space dimension.

19         o.     In Plaintiff's experience, the width of the hallway leading to the public

20  restroom is restricted by highchairs that are oftentimes stored and misplaced along this

21  accessible route at its turn, such that the clear width is below the minimum required by code.

22  The maintenance of this condition discriminates against Plaintiff's specific disabilities by

23  restricting his wheelchair's passage to the restroom corridor.   Plaintiff demands that

24  Defendants develop a written policy, backed by employee training, to maintain the hallway

25  clear of all obstructions.

26         p.     The public restrooms do not have ADA or Title 24 signage of any kind.

27  This barrier discriminates against Plaintiff's specific disabilities by failing to notify the

28  individual that an accessible restroom facility is available to them.  Plaintiff demands that

**Complaint for Injunctive Relief and Damages**                        — 8 —

1   Defendants provide proper signage in conformance with CBC/ADAAG requirements.

2   q.   The amount of push pressure required to open the men's room door is

3   approximately 10 pounds, which exceeds the 5 lbs. maximum permitted by the code.  This

4   barrier discriminates against Plaintiff's specific disabilities by making it more difficult to

5   impossible for the Plaintiff to go through the door without assistance.  Plaintiff demands that

6   Defendants adjust the closer so that he amount of push pressure does not exceed 5 lbs.

7   r.   Neither urinal in the men's room has been lowered, which is in

8   contravention of the code requiring that at least one fixture be lowered to within 17 inches

9   above the finished floor.  This barrier discriminates against Plaintiff's specific disabilities by

10  making it difficult to impossible to use the urinal.  Plaintiff demands that Defendants provide

11  at least one lowered urinal in compliance with CBC/ADAAG requirements.

12  s.   The existing urinals project approximately 12 inches off of the wall

13  instead of the 14 inch minimum required by code.  This barrier discriminates against

14  Plaintiff's specific disabilities by making it difficult to impossible to use the urinal.  Plaintiff

15  demands that Defendants provide at least one elongated urinal in compliance with

16  CBC/ADAAG requirements.

17  t.   The knee space underneath the sink counter is approximately 27 inches,

18  instead of the 29 inch minimum required by the code.  This barrier discriminates against

19  Plaintiff's specific disabilities by making it difficult to get under the sink without jamming

20  knees into the edge under the counter as he attempts to position himself in a location to use

21  the fixture.  This is a hazardous condition to individuals such as Plaintiff who have little to no

22  feeling in their lower extremities.  Plaintiff demands that Defendants reconfigure the seat

23  counter to provide a minimum knee clearance of 29 inches.

24  u.   The existing functional soap dispenser is set on the wall at the end of

25  the sink counter at a height of approximately 50 inches above the finished floor, which

26  exceeds the 40 inch maximum height permitted by the code.  This barrier discriminates

27  against Plaintiff's specific disabilities by locating the dispenser in a position that is outside of

28  Plaintiff's reach range needed to use the fixture.  Plaintiff demands that Defendants lower the

**Complaint for Injunctive Relief and Damages**                                                 — 9 —

1  functional soap dispenser so that its operational eye sensor is set no higher than 40 inches

2  AFF.

3             v.        The drain pipe and hot water pipe underneath the sink have not been

4  wrapped with insulation, which is required by the code.  This barrier discriminates against

5  Plaintiff's specific disabilities by increasing the likelihood that he or other individuals using a

6  wheelchair or other mobility assistive device will injure themselves on hot, or sharp and

7  abrasive surfaces.  Plaintiff demands that Defendants provide the required insulation.

8             w.        The hardware serving the sink requires grasping, pinching and twisting

9  of the wrist to operate, which is an action prohibited by the code.  This barrier discriminates

10  against Plaintiff's specific disabilities by forcing him and other individuals to perform an

11  action that they can only perform with great difficulty.  Plaintiff demands that Defendants

12  provide compliant lever hardware in compliance with CBC/ADAAG requirements.

13             x.        The clear floor space in front of the accessible stall door is

14  approximately 48 inches, instead of the 60 inch minimum required by the code.  This barrier

15  discriminates against Plaintiff's specific disabilities by making it difficult or impossible to

16  position the wheelchair or other mobility assistive device in a location that facilitates opening

17  or going through the door.  Plaintiff demands that the Defendants reconfigure the restroom to

18  provide a minimum 60 inch landing in front of the stall.

19             y.        The stall door overlaps the clear floor space required in front of the

20  sink, which is prohibited by the code.  This barrier discriminates against Plaintiff's specific

21  disabilities by increasing the probability that Plaintiff or other wheelchair users will be struck

22  by the stall door while using the sink.  Plaintiff demands that the Defendants reconfigure the

23  stall so that the swing of its door does not overlap the clear floor space in front of the sink.

24             z.        The hardware on the stall door requires grasping, pinching and twisting

25  of the wrist to operate, which is an action prohibited by the code.  This barrier discriminates

26  against Plaintiff's specific disabilities by forcing him and other individuals to perform an

27  action that they can only perform with great difficulty.  Plaintiff demands that Defendants

28  provide compliant door hardware in conformance with CBC and ADAAG requirements.

**Complaint for Injunctive Relief and Damages**                      — 10 —

aa.     The toilet is set on-center approximately 22 inches from the fixed wall on one side, and approximately 20 inches from the stall wall on the other, instead of the 18 inch on-center dimension required by the code.  This barrier discriminates against Plaintiff's specific disabilities by diminishing the usability of the grab bar, and increasing the hazard that Plaintiff has in making a transfer.  Plaintiff demands that Defendants reposition the toilet so that it is 18 inches on center exactly from the wall on the narrow side.

bb.     The clear floor space in front of the toilet is approximately 40 inches, instead of the 48 inch minimum required by the code.  This barrier discriminates against Plaintiff's specific disabilities by making it impossible for Plaintiff to position the wheelchair appropriately to do a front transfer.  Plaintiff demands that Defendants reconfigure the stall to provide the 48 inch minimum front transfer space required by code.

cc.     The distance between the side face of the toilet and the wall on the wide side is approximately 18 inches, instead of the 32 inch minimum permitted by the code. This barrier discriminates against Plaintiff's specific disabilities by making it impossible for Plaintiff to position the wheelchair appropriately to do a side transfer.  Plaintiff demands that Defendants reconfigure the stall to provide the 32 inch minimum side transfer space required by code.

dd.     There is no grab bar provided on the wall behind the toilet, which is required by the code.  This absence of this required bar discriminates against Plaintiff's specific disabilities by increasing the hazard for Plaintiff when making a transfer.  Plaintiff demands that Defendants provide a rear grab bar in compliance with CBC/ADAAG requirements.

ee.     There are grab bars on the side wall on each side of the stall.  The leading edge of both of these grab bars project approximately 50 inches from the rear wall of the stall, which is less than the 54 inch minimum required by the code.  Both of the grab bars project approximately 20 inches in front of the toilet, which is less than the 24 inch minimum projection required by the code.  These barriers discriminate against Plaintiff's specific disabilities by reducing the usability and effectiveness of the grab bar in getting onto and off

1   the fixture.   Plaintiff demands that Defendants provide a proper grab bar mounted in

2   conformance with CBC/ADAAG requirements.

3           ff.   Both of these side grab bars have support elements in the middle of the

4   grab bar, which obstructs the usability of the grab bar and is prohibited by the code.   This

5   barrier discriminates as specified in the prior paragraph.   Plaintiff demands that Defendants

6   provide a proper grab bar in conformance with CBC/ADAAG requirements.

7           gg.   The toilet paper holder is mounted on the side wall at a distance of

8   approximately 15 inches in front of the toilet to the leading edge of the toilet paper holder,

9   which exceeds the 12 inch maximum permitted by Title 24, approximately 40 inches beyond

10   the wall behind the toilet, which exceeds the 36 inch maximum permitted by the ADAAG.

11   This barrier discriminates against Plaintiff's specific disabilities by forcing Plaintiff to exceed

12   the safe reaching distance, and increases the likelihood that attempting to use this fixture will

13   cause Plaintiff to fall.   This is a hazardous condition.   Plaintiff demands that Defendants

14   reposition the toilet paper holder in conformance with CBC/ADAAG requirements.

15           hh.   The toilet paper holder is mounted above the grab bar, and it obstructs

16   the usability of the grab bar; the code requires that the fixture be mounted below the grab bar

17   at a minimum height of 19 inches above the finished floor.   This barrier discriminates against

18   Plaintiff's specific disabilities by decreasing the usable length of the grab bar, and thereby

19   increasing the hazard for Plaintiff when making a transfer.   Plaintiff demands that Defendants

20   reposition the toilet paper holder below the grab bar in conformance with CBC/ADAAG

21   requirements.

22           ii.   The sanitary seat cover dispenser is mounted on the side wall of the

23   stall directly adjacent to the toilet, which is not adjacent to the 30 X 48 inch clear floor space

24   specified by the code.   This barrier discriminates against Plaintiff's specific disabilities by

25   reducing the usability of the fixture because the dispenser is out of reach.   Plaintiff demands

26   that Defendants reposition the sanitary seat cover dispenser next to an accessible clear floor

27   space in conformance with CBC/ADAAG requirements, and set no higher than 40 inches

28   AFF to the centerline of the dispensing area.

Complaint for Injunctive Relief and Damages

1           jj.      On information and belief, the distance between the front face of the

2  accessible stall and the sink counter is approximately 48 inches, and the distance from the side

3  of the designated accessible toilet stall and the wall is approximately 50 inches, which means

4  that it is not possible to inscribe a 60 inch diameter circle within the room as required by the

5  code.  This barrier discriminates against Plaintiff's specific disabilities by making it difficult

6  to impossible and dangerous for Plaintiff to turn around in the space and exit the restroom.

7  Plaintiff demands that Defendants reconfigure the bathroom to provide a 60 inch turning

8  space in conformance with CBC/ADAAG requirements.

9        12.     Each of the foregoing barriers is continues to discriminate against Plaintiff's

10  specific disabilities and inhibits his ability to return to the Café on a spontaneous basis when

11  in town caring for his relative.

12        13.     Plaintiff has complained in writing to Defendants, and, on information and

13  belief Defendants have knowledge, or received notice, of Plaintiff's complaints and the

14  inability of persons like Plaintiff to use facilities at the subject Café.  Despite knowledge of

15  the access problems, and complaints from other disabled patrons, and the passage of extended

16  time since Plaintiff and other disabled persons first provided notice of these deficiencies,

17  Defendants have failed to investigate these problems, and have failed to take the necessary

18  action to provide legally required access features to allow "full and equal" use of the premises

19  by physically disabled persons.

20        14.     Title III of the ADA and California law required the removal of all such

21  barriers.

22        15.     On information and belief, as a result of all Defendants' above stated acts and

23  omissions, Plaintiff suffered loss of his Civil Rights to his statutory and general damage.

24        16.     Moreover, Plaintiff and other similarly situated disabled persons will continue

25  to be damaged on a continuous basis as long as Defendants fail to provide proper disabled

26  access in the respects complained of, as they will either be discouraged from using the Café,

27  or to make the visit despite the obstacles to access, they would have to encounter, and suffer,

28  additional discriminatory experiences.

17.   Plaintiff has no adequate remedy at law as to the recurring damages facing him each time he returns to these inaccessible facilities.  Unless the relief requested herein is granted, Plaintiff and many other physically disabled persons will each suffer irreparable harm in that their fundamental right to accessible public facilities while patronizing the subject Café will be denied and abridged.

18.   Plaintiff is further informed and believes that during the applicable statutory periods the named Defendants and each of them have been made aware orally and in writing, of the inaccessibility of their public facility/business to disabled persons, such as Plaintiff, and other persons with disabilities similarly situated, and of the federal and state legal obligations of owners and operators of public facilities to make their facilities accessible to disabled persons.  Despite being informed of such effect on disabled persons and the manner in which their practices and lack of accessible facilities were continuing to discriminate against disabled persons on a day-to-day basis, said Defendants and each of them knowingly and willfully failed and refused to take proper steps to rectify this situation and to provide full and equal access for disabled persons to each public facility referred to herein.

19.   Plaintiff requests that an injunction be ordered requiring that Defendants make all such facilities herein described, accessible to and usable by disabled persons, and instruct all employees as to proper policies to facilitate access, and set up practices and procedures to ensure that no disabled person who is mobility impaired is denied the use of the aforementioned facilities that are open to the general public, and that all such facilities be made "accessible to and usable by" physically disabled persons.

20.   Plaintiff has no adequate remedy at law as to facing the recurring damages facing him each time that he returns to these inaccessible facilities, and unless the relief requested herein is granted, Plaintiff and other disabled persons will each suffer irreparable injury by the deprivation of access to the specified public facilities operated by Defendants.

////

---

Complaint for Injunctive Relief and Damages

— 14 —

# FIRST CAUSE OF ACTION:

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990

### 42 USC §§ 12101ff

21.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 20 of this complaint and incorporates them herein as if separately repled.

22.     Pursuant to law, in 1990 the United States Congress made findings per 42 U.S.C. Section 12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities;" that "historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..."

23.     Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC § 12101(b)):

It is the purpose of this act —

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the

1    major areas of discrimination faced day to day by people with disabilities.

2    (Emphasis added)

3         24.    As part of the Americans with Disabilities Act, Public Law 101-336,

4    (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

5    Operated by Private Entities" (42 U.S.C 12181ff).  Defendants' facility is among "private

6    entities" which are considered "public accommodations" and "commercial facilities."

7         25.    Pursuant to Section 302 [42 U.S.C 12182], "[n]o individual shall be

8    discriminated against on the basis of disability in the full and equal enjoyment of the goods,

9    services, facilities, privileges, advantages, or accommodations of any place of public

10   accommodation by any person who owns, leases, or leases to, or operates a place of public

11   accommodation."

12        26.    Among the general prohibitions of discrimination included in Section

13   302(b)(1)(A) are the following:

14        § 302(b)(1)(A)(i): "DENIAL OF PARTICIPATION.  — It shall be

15        discriminatory to subject an individual or class of individuals on the basis of a

16        disability or disabilities of such individual or class, directly, or through

17        contractual, licensing, or other arrangements, to a denial of the opportunity of

18        the individual or class to participate in or benefit from the goods, services,

19        facilities, privileges, advantages, or accommodations of an entity."

20        § 302(b)(1)(A)(ii): "PARTICIPATION IN UNEQUAL BENEFIT — It shall

21        be discriminatory to afford an individual or class of individuals, on the basis of

22        a disability or disabilities of such individual or class, directly, or through

23        contractual, licensing, or other arrangements with the opportunity to participate

24        in or benefit from a good, service, facility, privilege, advantage, or

25        accommodation that is not equal to that afforded to other individuals."

26        § 302(b)(1)(A)(iii): "SEPARATE BENEFIT. — It shall be discriminatory to

27        provide an individual or class of individuals, on the basis of a disability or

28        disabilities of such individual or class, directly, or through contractual,

1  licensing, or other arrangements with a good, service, facility, privilege,
2  advantage, or accommodation that is different or separate from that provided to
3  other individuals, unless such action is necessary to provide the individual or
4  class of individuals with a good, service, facility, privilege, advantage, or
5  accommodation, or other opportunity that is as effective as that provided to
6  others."

7  27.    Among the specific prohibitions against discrimination in the ADA are
8  included the following:

9  § 302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies,
10  practices or procedures when such modifications are necessary to afford such
11  goods, services, facilities, privileges, advantages or accommodations to
12  individuals with disabilities..."

13  § 302(b)(2)(A)(iv): "A failure to remove architectural barriers, and
14  communication barriers that are structural in nature, in existing facilities...
15  where such removal is readily achievable;"

16  § 302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a
17  barrier under clause (iv) is not readily achievable, a failure to make such
18  goods, services, facilities, privileges, advantages, or accommodations available
19  through alternative methods if such methods are readily achievable." The acts
20  and omissions of Defendants set forth herein were in violation of Plaintiff's
21  rights under the ADA, Public Law 101-336, and the regulations promulgated
22  thereunder, 28 CFR Part 36ff.

23  28.    The removal of each of the barriers complained of by Plaintiff as hereinabove
24  alleged (i.e., in paragraph 11) were — at all times on or after January 26, 1992 — "readily
25  achievable."

26  29.    Further, at all times herein mentioned, modification of or removal of these
27  barriers was "readily achievable" under the factors specified in the Americans with
28  Disabilities Act of 1990, including but not limited to section 301(9) [42 U.S.C. 12181], and

Complaint for Injunctive Relief and Damages                    — 17 —

1    the Regulations adopted thereto.

2        30.    Further, if Defendants are collectively able to "demonstrate" that it was not

3    "readily achievable" for Defendants to remove each of such barriers, Defendants have failed

4    to make the required services available through alternative methods which were readily

5    achievable, as required by Section 302 of the ADA [42 U.S.C. 12182].

6        31.    "Discrimination" is further defined under Section 303(a)(2) of the ADA, for a

7    facility or part thereof that was altered after the effective date of Section 303 of the ADA in

8    such a manner as to affect or that could affect the usability of the facility or part thereof by

9    persons with disabilities, to include per Section 303(a)(2) [42 U.S.C. 12183], "a failure to

10    make alterations in such a manner that, to the maximum extent feasible, the altered portions of

11    the facility are readily accessible to and usable by individuals with disabilities, including

12    individuals who use wheelchairs." Additionally, for alterations to areas of a facility involving

13    a "primary function," discrimination under the ADA, per Section 303(a)(2) (42 U.S.C.

14    12183), also includes the failure of an entity "to make the alterations in such a manner that, to

15    the maximum extent feasible, the path of travel to the altered area and the bathrooms,

16    telephones, and drinking fountains serving the altered area, are readily accessible to and

17    usable by individuals with disabilities." On information and belief, the subject building

18    constitutes a "commercial facility," and Defendants have, since the date of enactment of the

19    ADA, performed alterations (including alterations to areas of primary function) to the subject

20    building and its facilities, public accommodations, and commercial facilities, which fail to

21    provide facilities and paths of travel to such areas that are readily accessible to and usable by

22    individuals with disabilities, in violation of Section 303(a)(2), and the regulations

23    promulgated thereunder, 28 CFR Part 36ff.

24        32.    Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, Section 308,

25    Plaintiff is entitled to the remedies and procedures set forth in Section 204, subsection (a), of

26    the Civil Rights Act of 1964 (42 USC 2000a-3, at subsection (a)), as Plaintiff is being

27    subjected to discrimination on the basis of disability in violation of this title or has reasonable

28    grounds for believing that he is about to be subjected to discrimination in violation of Sections

302 and 303.  On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and of other disabled persons to access this public accommodation. Pursuant to Section 308(a)(2), "[i]n cases of violations of Section 302(b)(2)(A)(iv)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

33.    As a result of Defendants' acts and omissions in this regard, Plaintiff has been required to incur legal expenses and attorney fees, as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorneys' fees, litigation expenses (including expert fees) and costs, pursuant to the provisions of Section 505 of the ADA (42 U.S.C. 12205) and the Department of Justice's regulations for enforcement of Title III of the ADA (28 CFR 36.505).  Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but also to require the Defendants to make their facilities accessible to all disabled members of the public, justifying "public interest" attorneys' fees pursuant to the provisions of California Code of Civil Procedure Section 1021.5.

WHEREFORE, Plaintiff pray that this Court grant relief as hereinafter stated:

## SECOND CAUSE OF ACTION:
### DENIAL OF FULL AND EQUAL ACCESS TO A PERSON WITH A DISABILITY
### IN A PUBLIC FACILITY,
### IN VIOLATION OF CALIFORNIA'S DISABLED ACCESS STATUTES

34.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 33 of this complaint and incorporates them herein as if separately repled.

35.    Plaintiff CRAIG YATES and other similarly situated physically disabled persons (whose physical conditions require the use of a wheelchair or other mobility devices) are unable to use public facilities at subject Café on a "full and equal" basis unless such

1    facilities are brought into compliance with the provisions of California Health & Safety Code

2    sections 19955 et seq.  Plaintiff is a member of that portion of the public whose rights are

3    protected by the provisions of sections 19955 et seq. Health & Safety Code.

4         36.    Under section 54.1 Civil Code, persons with disabilities are entitled to "full

5    and equal access" to public accommodations.  "Public accommodations" are further defined

6    as a building, structure, facility complex, or improved area which is used by the general

7    public and attendant facilities.

8         37.    Defendants participate in the operation of the subject public accommodation,

9    subjecting the property and all such Defendants to the requirements of California's Disabled

10   Rights statutes.

11        38.    Health & Safety Code Section 19955 provides in pertinent part:

12             (a)    The purpose of this part is to insure that public accommodations

13        or facilities constructed in this state with private funds adhere to the provisions

14        of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the

15        Government Code.  For the purposes of this part "public accommodation or

16        facilities" means a building, structure, facility, complex, or improved area

17        which is used by the general public and shall include auditoriums, hospitals,

18        theaters, restaurants, hotels, motels, stadiums, and conventions centers.

19        39.    Health and Safety Code Section 19956, which appears in the same chapter as

20   section 19955, provides, in pertinent part: "[a]ll public accommodations constructed in this

21   state shall conform to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of

22   Title 1 of the Government Code...."

23        40.    Section 19956 Health & Safety Code was operative July 1, 1970, and is

24   applicable to all public accommodations constructed or altered after that date.  On information

25   and belief, portions of the subject Café were constructed and/or altered after July 1, 1970, and

26   portions of the subject building were structurally remodeled, altered and have undergone

27   structural repairs or additions after July 1, 1970.  Such construction required such building

28   and its public accommodation facilities to be subject to the requirements of Part 5.5, Sections

19955, et seq., of the Health and Safety Code, which requires provision of access upon "alterations, structural repairs or additions" per Section 19959 Health & Safety Code, or upon a change of occupancy (a form of "alteration").

41.     Multiple construction, alterations, structural repairs and/or additions were completed on the subject Café property after the January 1, 1968 effective date of Government Code Sections 4450 et seq., and the July 1, 1970 effective date of Healthy & Safety Code Section 19955-19959, legally requiring that proper access for disabled persons be provided in each and every regard complained of in the Complaint.

42.     Construction or alteration at such facilities also triggered access requirements pursuant to section 4456 Government Code and Title 24 of the California Code of Regulations.   Further, section 19955 Health & Safety Code also requires that, "[w]hen sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the physically handicapped." Title 24, California Code of Regulations (formerly known as the California Administrative Code and now known as the California Building Code), was in effect at the time of each alteration which, on information and belief, occurred at such public facility since January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" is carried out.  Title 24 imposes additional access requirements with which Defendants have not complied, including additional requirements for accessible restrooms which serve the areas of alteration.

43.     As a result of the actions and failure to act of Defendants and each of them, and as a result of the failure to provide proper disabled accessible facilities as above described, Plaintiff CRAIG YATES was denied his Civil Rights, including his right to full and equal access to public facilities, was embarrassed and humiliated, suffered physical, psychological and mental injuries and emotional distress, all to the general damages of Plaintiff in an amount within the jurisdiction of this Court.

44.     Plaintiff seeks damages on a continuing, ongoing and per incident basis for each occasion of denial or deterrence, for the statutory period preceding the filing of his

1    complaint herein, and the continuous and ongoing damages suffered thereafter.

2      45.    As a result of the Defendants' continuing failure to provide proper access for

3    disabled persons to use the public facilities, Plaintiff has continually been denied his rights to

4    full and equal access to subject Café and its attendant facilities on a continuous basis for the

5    above specified period up to the filing of this complaint and continuing until Defendants

6    provide accessible facilities in each of the respects complained of herein.

7      46.    The acts and omissions of Defendants as complained of herein are continuing

8    to have the effect of wrongfully excluding Plaintiff and other members of the public who are

9    physically disabled wheelchair users from full and equal access to the public facilities

10    involved.  Such acts and omissions continue to treat Plaintiff as inferior and a second class

11    citizen and serve to discriminate against him on the sole basis that he is physically disabled

12    and requires the use of a wheelchair for movement in public places; Plaintiff is unable, so

13    long as such acts and omissions of Defendants continue, to achieve full and equal access to

14    these public facilities.  The acts of Defendants have proximately caused and will continue to

15    cause irreparable injury to Plaintiff if not enjoined by this court.

16      47.    WHEREFORE, Plaintiff asks this court to preliminarily and permanently

17    enjoin any continuing refusal by those Defendants which currently own, operate or lease the

18    premises, or who control such premises as the operating public entities, to grant such access to

19    Plaintiff and other similarly situated persons, and to require such Defendants to comply

20    forthwith with the applicable statutory requirements relating to access for the disabled.  Such

21    injunctive relief is provided by section 19953 Health & Safety Code and California Civil

22    Code section 55.  Plaintiff further requests that the court award damages, attorneys' fees,

23    litigation expenses and costs to Plaintiff pursuant to section 19953 Health & Safety Code,

24    Civil Code section 55, and Code of Civil Procedure §1021.5, all as hereinafter prayed.

25    ////

26

27

28

**THIRD CAUSE OF ACTION:**

**VIOLATION OF CALIFORNIA'S DISABLED RIGHTS ACTS**

**(§§54, 54.1 and 55 CIVIL CODE)**

48.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 47 of this complaint and incorporates them herein as if separately repled.

49.     The aforementioned acts and omissions of Defendants and each of them constitute a denial of equal access to and use and enjoyment of these facilities by persons with disabilities, including Plaintiff CRAIG YATES.  Said acts and omissions are also in violation of provisions of Title 24 of the California Administrative Code (later known as the California Code of Regulations and the California Building Code.)

50.     During the period complained of, and on multiple occasions thereafter, including occasions of deterrence, Plaintiff CRAIG YATES suffered violations of sections 54 and 54.1 Civil Code in that he was denied full and equal access to the subject Café facilities on the basis that he was a physically disabled persons.

51.     Plaintiff is further informed and believes that before and after such dates, the named Defendants and each of them were made aware orally and in writing of the inaccessibility of their public facility/business to disabled persons, such as Plaintiff, and other persons with disabilities similarly situated, and of the federal and state legal obligations of owners and operators of public facilities to make their facilities accessible to disabled persons. Despite being informed of such effect on disabled persons and the manner in which their practices and lack of acceptable facilities were continuing to discriminate against disabled persons on an ongoing basis, said Defendants and each of them knowingly and willfully failed and refused to take any steps to rectify this situation and to provide full and equal access for disabled persons to each public facility referred to herein.

52.     At all times since Plaintiff's above specified complaints, and on information and belief for periods prior to this date, Defendants were on notice of the requirements of the law relating to provision for full and equal disabled access.  Especially as Defendants were on

1   full notice, each day that Defendants have continued to deny access to disabled persons

2   constitutes a new and distinct violation of Plaintiff's right to full and equal access to this

3   public facility, in violation of Sections 54 and 54.1, et seq. Civil Code. In the event of a

4   default judgment against any particular Defendant, Plaintiff will seek an injunction requiring

5   provision of all access called for in this complaint, plus damages of $1,000 per incident of

6   encounter or deterrence from the date of Plaintiff's filing of this complaint, plus reasonable

7   attorneys' fees, litigation expenses and costs as set by the court, until the site is brought into

8   full compliance with state and federal access laws protecting the rights of the disabled, or,

9   alternatively, until the date of entry of default.

10       53.   As a result of the denial of equal access to Defendants' facilities due to the acts

11   and omissions of Defendants and each of them in owning, operating, and maintaining this

12   subject public facility, Plaintiff CRAIG YATES suffered violations of his Civil Rights

13   including but not limited to rights under sections 54 and 54.1 Civil Code, and suffered

14   physical injury and discomfort, emotional shock, mental and emotional distress,

15   embarrassment and humiliation, all to his damages as hereinafter stated. Defendants' actions

16   and omissions to act constituted discrimination against Plaintiff on the sole basis that he was

17   physically disabled and unable, because of the architectural barriers created by the Defendants

18   in violation of the subject laws, to use the public facilities on a full and equal basis as other

19   persons.

20       54.   Plaintiff seeks damages on a continuing, ongoing and per incident basis for

21   each occasion of denial or deterrence, for the statutory period preceding the filing of his

22   complaint herein, and the continuous and ongoing damages suffered thereafter.

23       55.   Subject to the terms of the preceding paragraph, Plaintiff also seeks damages

24   against all Defendants for the violation of his rights as a person with a disability during his

25   patronage at the subject Café, and on multiple visits thereafter, according to proof, pursuant to

26   section 54.3 Civil Code, including a trebling of all statutory and actual damages, general and

27   special, available pursuant to section 54.3 Civil Code. Plaintiff also seeks such damages for

28   such Defendants' continuing to maintain such facilities in an inaccessible condition since date

1   of his earliest visit, and continuing to the date of the filing of the original complaint, and

2   thereafter until Defendants provide full and equal access.  Plaintiff also seeks injunctive relief

3   against all Defendants pursuant to section 55 Civil Code, requiring Defendants to make their

4   facilities accessible to disabled persons in each of the respects complained of herein.

5          56.     As a result of Defendants' acts and omissions in this regard, Plaintiff CRAIG

6   YATES has been required to incur legal expenses and hire attorneys in order to enforce his

7   rights and enforce provisions of the law protecting access for persons with disabilities and

8   prohibiting discrimination against persons with disabilities.  Plaintiff therefore seeks recovery

9   in this lawsuit for all reasonable attorneys' fees and costs incurred pursuant to the provisions

10  of sections 54.3 and 55 Civil Code.  Additionally, Plaintiff's lawsuit is intended not only to

11  obtain compensation for damages to Plaintiff, but also to require the Defendants to make their

12  facilities accessible to all disabled members of the public, conferring a significant public

13  benefit, and justifying attorneys' fees, litigation expenses and costs pursuant to the provisions

14  of section 1021.5 Code of Civil Procedure.

15         WHEREFORE, Plaintiff prays for damages and declaratory and injunctive relief as

16  hereinafter stated.

17

18                          **FOURTH CAUSE OF ACTION:**

19  **DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF TITLE III OF THE**

20  **AMERICANS WITH DISABILITIES ACT UNDER CALIFORNIA'S DISABLED**

21                                  **RIGHTS ACT**

22         57.     Plaintiff repleads and incorporates by reference, as if fully set forth again

23  herein, the allegations contained in paragraphs 1 through 56 of this complaint and

24  incorporates them herein as if separately repled.

25         58.     Each violation of the Americans With Disabilities Act of 1990, as complained

26  of in the First Cause of Action hereinabove (the contents of which cause of action is

27  incorporated herein as if separately repled), is also a violation of section 54(c) and section

28  54.1(d) California Civil Code, further and independently justifying damages, injunctive and

Complaint for Injunctive Relief and Damages                                    — 25 —

1    other statutory relief per section 54.3 and 55 California Civil Code.

2        59.    Plaintiff seeks damages on a continuing and ongoing basis for the statutory

3    period preceding the filing of his complaint herein, and the continuous and ongoing damages

4    suffered thereafter.

5        60.    Plaintiff has no adequate remedy at law, and unless the relief requested herein

6    is granted, Plaintiff will suffer irreparable harm in that they will continue to be discriminated

7    against and denied access to the specified public facilities.    Because Plaintiff seeks

8    improvement of access for persons with disabilities, which will benefit a significant portion of

9    the public, Plaintiff seeks attorneys' fees pursuant to section 1021.5 California Code of Civil

10   Procedure, section 54.3 and 55 Civil Code; and 19953 Healthy & Safety Code.

11       WHEREFORE, Plaintiff prays for relief as hereinafter stated.

12

13               **FIFTH CAUSE OF ACTION:**

14   **DAMAGES AND INJUNCTIVE RELIEF UNDER THE UNRUH CIVIL RIGHTS ACT**

15           **FOR VIOLATION OF TITLE III OF THE ADA**

16       61.    Plaintiff repleads and incorporates by reference, as if fully set forth again

17   herein, the allegations contained in Paragraphs 1 through 60 of this complaint and

18   incorporates them herein as if separately repled.

19       62.    Each violation of the Americans With Disabilities Act of 1990, as complained

20   of in the First Cause of Action hereinabove (the contents of which causes of action are

21   incorporated herein as if separately repled), is also a violation of section 51(f) of the Unruh

22   Civil Rights Act, further and independently justifying damages of $4,000 per offense,

23   injunctive relief, and other statutory relief, all as previously pled, per sections 52 and common

24   law decision.

25       63.    Plaintiff seeks damages on a continuing and ongoing basis for the statutory

26   period preceding the filing of the complaint herein, and the continuous and ongoing damages

27   suffered thereafter.

28       64.    As a result of Defendants' acts and omissions in this regard, Plaintiff has been

**Complaint for Injunctive Relief and Damages**                          — 26 —

1   required to incur legal expenses and attorney fees, as provided by statute, in order to enforce

2   Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons

3   and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of

4   all reasonable attorneys' fees, litigation expenses (including expert fees) and costs, pursuant

5   to the provisions of Section 52 of the Civil Code.  Additionally, Plaintiff's lawsuit is intended

6   not only to obtain compensation for damages to Plaintiff, but also to require the Defendants to

7   make their facilities accessible to all disabled members of the public, justifying "public

8   interest" attorneys' fees pursuant to the provisions of California Code of Civil Procedure

9   Section 1021.5.

10         WHEREFORE, Plaintiff prays for relief as hereinafter stated.

12   ## SIXTH CAUSE OF ACTION:

13   ### (Declaratory Relief)

14         65.    Plaintiff repleads and incorporates by reference, as if fully set forth again

15   herein, the allegations contained in Paragraphs 1 through 64 of this complaint and

16   incorporates them herein as if separately repled.

17         66.    A present and actual controversy exists among the respective rights and

18   obligations of Plaintiff and Defendants, and separately, as to the obligations that have been

19   impressed by the aforementioned statutes against the Café property irrespective of past or

20   future ownership.  Plaintiff requests a judicial determination of his rights and such obligations

21   in a declaration, and also as to whether and to what extent Defendants' conduct and the

22   current configuration of the property violates applicable law.

23         67.    Such a declaration is necessary and appropriate at this time in order that

24   Plaintiff may ascertain his rights.  Such declaration is further necessary and appropriate to

25   prevent further harm or infringement of Plaintiff's Civil Rights.

26         Wherefore, Plaintiff prays the court grant relief as requested hereinbelow.

27   ////

28

1

**PRAYER FOR RELIEF**

2       Plaintiff prays that this Court award damages and provide relief as follows:

3       1.      Grant injunctive relief requiring that those of the Defendants that currently

4   own, operate, control or lease the subject premises, repair the premises and render them safe

5   to disabled persons, and modify their policies and procedures, and otherwise provide "full and

6   equal access" to the public areas herein complained of, and make such facilities "readily

7   accessible to and usable by individuals with disabilities," according to the standards of

8   sections 51, 54 and 54.1 et seq. of the California Civil Code; Title 24 of the California

9   Administrative Code; Sections 19955-19959 of the Health & Safety Code; Sections 4450-

10  4456 of the California Government Code; Title III of the Americans With Disabilities Act of

11  1990; the Americans With Disabilities Act Access Guidelines; and provide full and equal

12  access to physically disabled persons, including Plaintiff, in all manners required by such

13  statutes and government regulations;

14      2.      Retain jurisdiction over the Defendants until such time as the Court is satisfied

15  that Defendants' unlawful barriers no longer exist, and will not recur;

16      3.      Declare and close the property as public nuisance until such time as it comes

17  into compliance with state and federal disability access requirements;

18      4.      Issue a declaratory judgment that Defendants' actions and omissions, and

19  failures, including to modify the premises in compliance with the law, and to make reasonable

20  accommodations and reasonable modifications for Plaintiff and other similarly situated

21  disabled persons violates the rights Plaintiff and other similarly situated persons rights under

22  the Health & Safety Code Sections 19955-19959; Civil Code Sections 51, 54, and 54.1 et

23  seq.; Americans With Disabilities Act of 1990, 42 U.S.C. sections 12101, et seq., and the

24  regulations promulgated thereunder; and the due process clauses of the United States and

25  California Constitutions.

26      5.      Issue a declaratory judgment regarding the obligations impressed by law

27  against the Café, and declaring that Plaintiff is entitled to disabled accessible and usable

28  subject Café facilities including its paths of travel, and counter facilities, and other facilities,

Complaint for Injunctive Relief and Damages                              — 28 —

1   so that they may make use of the public facilities and participate in the activities offered by

2   Defendants without suffering discrimination or impediment on the basis of his disability;

3        6.     Because Defendants have refused to remedy the violations at their facility after

4   notice from Plaintiff, Plaintiff seeks an award of statutory and "actual" damages against all

5   Defendants, including general damages and special damages, according to proof, against such

6   Defendants pursuant to sections 52 and 54.3 Civil Code, and that these damages be trebled;

7        7.     Award prejudgment interest on all damages;

8        8.     Award all costs of this proceeding and all reasonable attorneys' fees, litigation

9   expenses and costs as provided by law, including but not limited to those recoverable pursuant

10   to the provisions of sections 54.3 and 55 Civil Code, section 1021.5 Code of Civil Procedure,

11   section 19953 Health & Safety Code, section 505 of the Americans With Disabilities Act; and

12        9.     Grant such other and further relief as this Court may deem just and equitable.

13

14   Dated: February 24, 2011         THIMESCH LAW OFFICES

15

16

17                               GENE A. FARBER

18                               Attorneys for Plaintiff CRAIG YATES

19

20                       **DEMAND FOR JURY TRIAL**

21        Plaintiff demands a jury on all claims for which a jury is permitted.

22

23   Dated: February 24, 2011         THIMESCH LAW OFFICES

24

25

26                               GENE A. FARBER

27                               Attorneys for Plaintiff CRAIG YATES

28