**JOHN R. CAMPO, ESQ., SBN 157137**
**BRANSON, BRINKOP, GRIFFITH & STRONG, LLP**
643 Bair Island Road, Suite 400
Redwood City, CA 94063
Telephone: (650) 365-7710
Facsimile: (650) 365-7981

Attorneys for Defendant
**WELCH FAMILY PARTNERSHIP, LLC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA RAMIREZ and DAREN HEATHERLY, each an individual,<br><br>Plaintiffs,<br><br>v.<br><br>EL SUPER-BURRITO, INC., a California CORPORATION; and THE WELCH FAMILY PARTNERSHIP, a California Limited Partnership,<br><br>Defendants. | Case No: CV-11-0807-DMR<br><br>**ANSWER TO COMPLAINT** |

Defendant WELCH FAMILY PARTNERSHIP, LLC, a California Limited Liability Company, erroneously sued herein as THE WELCH FAMILY PARTNERSHIP, a California Limited Partnership, answers the Complaint herein as follows. This Answer is made solely on behalf of this Answering Defendant. Plaintiffs' allegations are against two separate and unrelated defendants, yet the allegations contained in the Complaint, do not make any meaningful distinction between the defendants. The Answer herein is made by this Answering Defendant, as if the allegations were being made solely against it. Furthermore, the majority of the allegations contained in the Complaint are not factual allegations related to the circumstances of this action, but are contentions of law, and recitations of statutes that are improper as factual allegations in a complaint. Many of the paragraphs are pled in a way that is compound and combines legal concepts, with factual allegations making the allegation improper and incapable

of a clear response by this Answering Defendant. Subject to these qualifications, defendant responds as best it can, as follows:

1. With respect to Paragraphs 1, 8, 23, 27, 29, 30, 31-38, 40-44, 46, 48-50, 52-55, 58, 60, 61, 62, 64-71, and 73-78 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as the averments set forth in these paragraphs do not set forth material factual allegations, but rather legal argument. Out of an abundance of caution, and without waiver of the foregoing, the averments of these paragraphs are denied.

2. With respect to Paragraphs 3 and 4 of the Complaint, Defendant admits that this Court has federal jurisdiction of this action regarding the alleged violation of the ADA. Any and all other allegations that may be contained in these paragraphs are denied.

3. With respect to Paragraph 6 of the Complaint, Defendant admits only that this Answering Defendant is the owner of the property. All other allegations are denied.

4. With respect to Paragraph 9 of the Complaint, Defendant admits that the current tenant operates the premises as a restaurant. All other allegations are denied.

5. With respect to Paragraphs 2, 5, 13, 14-20, 24-26, 28, 45, 47, 56, 57, 59 of the Complaint, Defendant is unable to admit or deny the averments set forth in this paragraph as it lacks sufficient information to allow the averments to be admitted or denied, and many of the averments set forth in this paragraph do not set forth material factual allegations, but rather argument. Out of an abundance of caution, until further discovery is performed, the averments in these paragraphs are denied.

6. With respect to Paragraphs 7, 10-12, 21 and 22 of the Complaint, Defendant denies these paragraphs as phrased.

7. With respect to Paragraphs 39, 51, 63, 72 of the Complaint, inasmuch as these paragraphs re-plead all allegations contained in the preceding paragraphs of the Complaint, responding party answers these paragraphs by incorporating by this reference its specific responses to each of the referenced paragraphs.

///

ANSWER TO COMPLAINT

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' request for the recovery of attorney fees is barred and/or limited on the ground that Plaintiffs failed to provide notice to Defendant and an opportunity to cure any deficiencies, if any there were.

### SECOND AFFIRMATIVE DEFENSE

The accommodations, many of which are unspecified in Plaintiffs' Complaint, are not readily achievable by Defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to state facts sufficient to constitute any cause of action against this Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each cause of action therein, fails to state facts sufficient to entitle Plaintiffs to an award of damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each cause of action therein is barred by the equitable doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

California Health and Safety Code § 19955 does not provide for a private cause of action by Plaintiffs, nor does it provide for any damages or relief as requested by Plaintiffs in their Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state facts sufficient to establish that Plaintiffs have standing to bring the present lawsuit and the damages claimed therein.

///
///
///
///
///

ANSWER TO COMPLAINT

**WHEREFORE**, Defendant prays that Plaintiffs take nothing by their Complaint, for costs of suit herein, and for such other and further relief as the Court may deem reasonable and proper.

Dated: April 27, 2011            BRANSON, BRINKOP, GRIFFITH & STRONG, LLP

By: _____
JOHN R. CAMPO
Attorneys for Above-Named Defendants

ANSWER TO COMPLAINT

**PROOF OF SERVICE BY MAIL -- CCP 1013, 2015.5**

I declare that: I am employed in the County of San Mateo, California. I am over the age of eighteen (18) and not a party to the within entitled cause; my business address is 643 Bair Island Road, Suite 400, Redwood City, California 94063.

On the date below, in the manner indicated, I caused the within document(s) entitled **ANSWER TO COMPLAINT** to be served on the party(s) or their attorney(s) of record in this action:

[X] **Via Mail:** That I am readily familiar with our business practice for collection and processing of mail. On the same day that correspondence is placed for collection and mailing, it is deposited with the United States Postal Service that same day in the ordinary course of business, that the name and address of the person served as shown on the envelope, and the date and place of business where the correspondence is placed for deposit in the United States Postal Service and that the envelope was sealed and placed for collection and mailing on that date following ordinary business practices.

[ ] Via Personal Service: I instructed each envelope to be hand-delivered via

[ ] Via Overnight Courier: I caused each envelope to be delivered via overnight mail by Federal Express.

[ ] Via Facsimile: I instructed such to be transmitted via facsimile to the office(s) of the addressee(s).

Addressed as follows:

Thomas E. Frankovich, Esq.
The Frankovich Group
4328 Redwood Highway, Suite 300
San Rafael, CA 94903
Tel: (415) 444-5800
Fax: (415) 674-9900
*Attorneys for Plaintiffs*

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on **April 27, 2011** at Redwood City, California.

*Victoria Spanos* (signature)
Victoria Spanos

BRANSON BRINKOP GRIFFITH & STRONG LLP
643 BAIR ISLAND ROAD, SUITE 400
REDWOOD CITY, CALIFORNIA 94063
TELEPHONE (650) 365-7710

PROOF OF SERVICE